## WALTER McHENRY v. STATE.

No. A-5046. Opinion Filed July 11, 1925.
(238 Pac. 498.)

C. E. Castle, for plaintiff in error.

DOYLE, J. Plaintiff in error, Walter McHenry, was tried and convicted on an information charging that in

Wagoner county, on the 5th day of May, 1923, he did "have in his possession intoxicating liquor, to wit, Choctaw beer, with the intent then and there to sell the same," and in accordance with the verdict of the jury was sentenced to pay a fine of $200 and to be confined in the county jail for a term of 60 days. Of the various errors assigned it is only necessary to consider one, that the verdict is contrary to the law and the evidence.

The state introduced four witnesses. The first witness, Grant Davis, deputy sheriff, testified that under authority of a search warrant he with five or six other officers visited the farm occupied by the defendant and found that some Choc had been poured out in the yard and an empty jug near by; that he was pretty sure that the jug had had Choc in it. The next witness, Robert Murphy, deputy sheriff, testified that they found a gallon jug half full of Choc about 75 yards from the house, outside the defendant's cotton patch. The testimony of two other witnesses for the state was substantially the same.

At the close of the evidence for the state, there was a motion by the defendant for a directed verdict of acquittal, on the ground that the evidence was insufficient to warrant a conviction, which was overruled.

The testimony of the defendant in his own behalf is as follows:

"I have lived in and around Wagoner all of my life. The officers came, and Mr. Rube Reynolds said that he wanted to search the place, and I said, 'Help yourself, Mr. Rube,' Mr. Clay Flowers picked up a jug, and one said it smelt like Choc, and Mr. Rube Reynolds picked up a jug on the garbage dump which was not on my place."

The testimony of Peter Nail, Charley Payne, and Charley Monroe for the defense was that the jug the officers carried away with them was picked up at the city dump.

It is a well-settled general rule that this court will not disturb a verdict of conviction on account of the evidence where there is evidence to support it. The converse rule is clearly well settled that it is not only the province, but the duty, of the court to set aside a verdict when it is contrary to the evidence, or where there is no evidence to support it.

In this case it is past understanding why the lower court should have refused to direct a verdict of acquittal, as it is apparent there was a total want of evidence to support the allegations of the information.

Because the verdict is contrary to law and to the evidence, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.